IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:03-CR-239-BO
NO. 5:07-CV-3-BO

| | |
|---|---|
| CHARLES ODELL WILLIAMS )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This cause is before the Court on petitioner's motion seeking reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. [DE 75–1, 76].

BACKGROUND

Following his conviction after a jury trial, petitioner Charles Odell Williams was sentenced to a total term of imprisonment of 183 months in the custody of the Bureau of Prisons on April 13, 2005. [DE 38, 44]. Petitioner filed a direct appeal, which was dismissed pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. [DE 45, 49]. Petitioner then filed a timely motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on March 8, 2007, which was dismissed by order entered September 26, 2008. [DE 53, 60]. The court of appeals dismissed the appeal of that order as petitioner had not demonstrated he was entitled to a certificate of appealability. [DE 68]. Petitioner now seeks reconsideration of the Court's 2008 order dismissing his motion to vacate pursuant to Rule 60(b). [DE 76]. Specifically, petitioner alleges he discovered new evidence on August 13, 2013, that supports his claim of ineffective assistance of counsel.

## DISCUSSION

The relief requested in this motion is that which would result from a successful motion to vacate, set aside, or correct sentence. Thus, the Court is constrained to re-characterize it as a section 2255 petition. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence"). The Antiterorrism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)(–(2). Rule 60 motions challenging the same conviction and sentence based on newly discovered evidence are deemed to be successive and require authorization from the court of appeals in order to be filed. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205. As the instant motion attacks the same conviction and sentence as was earlier challenged, it is properly construed as second and successive § 2255 petition and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. *See United States v. Downing*, 372 F. App'x 435, 436 (4th Cir. 2010) (unpublished) (finding that it was error for the district court to consider the merits of a Rule 60(b) motion, as it should have been construed as a successive § 2255 and the district court therefore lacked jurisdiction). Petitioner is not required to receive notice of the Court's re-characterization of the motion, as it has been found to be second or successive. *United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent 'a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's Rule 60(b) motion, herein re-characterized as a motion to vacate pursuant to 28 U.S.C. § 2255, [DE 75–1, 76] is DISMISSED for want of jurisdiction. A certificate of appealability is DENIED.

SO ORDERED, this __27__ day of December, 2014.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3