IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:03-CR-239-BO
No. 5:16-CV-355-BO

CHARLES ODELL WILLIAMS,   )
    Petitioner,   )
         )
v.         )   O R D E R
         )
UNITED STATES OF AMERICA,   )
    Respondent.   )

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 87]. The stay previously entered in this matter has been lifted and the parties have been permitted to file supplemental briefing.[1] For the reasons that follow, petitioner's § 2255 motion is denied.

## BACKGROUND

Petitioner, Williams, was sentenced to 183 months' imprisonment after being found guilty of conspiracy to rob a postal carrier (count one), 18 U.S.C. § 371, attempted armed robbery of a postal carrier and aiding and abetting (count two), 18 U.S.C. §§ 2114 and 2, and discharging a firearm during and in relation to a crime of violence (count three), 18 U.S.C. § 924(c).

Williams filed a motion pursuant to 28 U.S.C. § 2255 arguing that his 18 U.S.C. § 924(c) conviction is unconstitutional in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act's definition of a crime of violence is unconstitutionally vague. *Id.* at 2563;

---

[1] The government has filed a motion to dismiss in response to this Court's order directing supplemental briefing. [DE 98]. The Court CONSTRUES the motion to dismiss as a response to the Court's order and DIRECTS the clerk to terminate the pending motion.

18 U.S.C. § 924(e)(2). Four years later, in *Davis*, the Supreme Court invalidated the residual clause of 18 U.S.C. § 924(c)(3). 139 S. Ct. at 2336; *see also Simms*, 914 F.3d at 252.

Upon a motion by the government, the case was stayed on July 11, 2016, to await decisions by the Fourth Circuit in *United States v. Walker*, 934 F.3d 375 (4th Cir. 2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). Although *Simms* was decided on January 24, 2019, the mandate in *Simms* was stayed to await the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Following the Supreme Court's decision in *Davis* and the Fourth Circuit's mandate in *Simms*, this Court *sua sponte* lifted the stay in this matter and ordered additional briefing. In this posture, the § 2255 motion is ripe for adjudication.

## DISCUSSION

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Pursuant to 18 U.S.C. § 924(c), a defendant shall be subject to a consecutive sentence if he "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). The predicate offense for Williams' conviction under 18 U.S.C. § 924(c) is his attempted armed robbery of a postal carrier charge in count two. [DE 6].

Section 924(c) defines a crime of violence as a felony offense that

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the force clause], or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the residual clause].

2

18 U.S.C. § 924(c)(3)(A)-(B). Armed robbery of a postal carrier remains a crime of violence under § 924(c)'s force clause. *See Knight v. United States*, No. 17-6370, 2019 WL 4019860, at *2 (6th Cir. Aug. 27, 2019). The Court further concludes that attempted armed robbery of a postal carrier remains a crime of violence under the force clause. *See, e.g., United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018) (discussing attempted crimes in the context of Hobbs Act robbery). Williams' § 924(c) conviction thus stands as he has a proper crime of violence predicate to support the conviction.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's denial of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 87] is DENIED. The clerk is DIRECTED to terminate as pending the government's motion to dismiss as it has been construed as a response to the Court's order for supplemental briefing. A certificate of appealability is DENIED.

SO ORDERED, this 25 day of September, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3